UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| THE ACADIA INSURANCE COMPANY,<br>       Plaintiff,<br>    v.<br>THE CONNECTICUT LIGHT & POWER<br>COMPANY,<br>       Defendant. | No. 3:12cv1467 (MPS) |

**RULING AND ORDER**

This suit arises out of an alleged electrical fire in November 2010. The Acadia Insurance Company ("Acadia"), as subrogee for the insured owners of the home and barn that suffered fire damage, sues the Connecticut Light & Power Company ("CL&P") alleging that it caused the fire. Pending before the Court is CL&P's Motion to Dismiss [doc. # 8], which seeks to dismiss Counts One and Three of the Complaint as barred by the exclusivity provision in the Connecticut Product Liability Act ("CPLA"). For the reasons briefly discussed below, CL&P's motion is denied.

Section 52-572n(a) of the CPLA provides that a "product liability claim as provided in sections 52-240a, 52-240b, 52-572m to 52-572q, inclusive, and 52-577a may be asserted and shall be in lieu of all other claims against product sellers, including actions of negligence, strict liability and warranty, for harm caused by a product." By operation of this section, the CPLA becomes, in effect, a mandatory one-stop shop under Connecticut law for product liability claims. *See Gerrity v. R.J. Reynolds Tobacco Co.*, 263 Conn. 120, 128 (2003) ("[T]he language of the exclusivity provision makes clear that the product liability act was intended to serve as the exclusive remedy for a party who seeks recompense for those injuries caused by a product defect."). Observing that Acadia brings a CPLA claim in Count Two and in light of Conn. Gen. Stat. § 52-572n(a), CL&P seeks to dismiss Counts One and Three, which allege negligence and breach of contract, respectively.

Although § 52-572n(a) preempts products liability claims brought as negligence or contractual claims, it is unclear at this juncture whether Counts One and Three qualify as product liability claims within the meaning of § 52-572n(a), because electricity may not qualify as a "product" and the CL&P may not qualify as a "product seller." Indeed, the CL&P has argued repeatedly that electricity is a service rather than a product. *See, e.g.*, *Travelers Indemn. Co. of America v. Conn. Light & Power Co.*, No. CV075012441S, 2008 WL 2447351, at *1 (Conn. Super. Ct. June 4, 2008) (noting that CL&P argued that "[e]lectricity is not a product within the meaning of the [CPLA]"); *see also* Pl.'s Opp'n [doc. # 15] at 5 (citing additional cases). Drawing inferences in favor of Acadia, as the Court must, the Court concludes that Counts One and Three state plausible claims that fall outside the scope of the CPLA and thus are not barred by the exclusivity provision. *See Gerrity*, 263 Conn. at 127 ("If . . . the . . . claim falls outside the purview of the product liability act, it may be asserted and the exclusivity provision will not serve as a bar.").

The CL&P argues that Connecticut law imposes a burden on plaintiffs "to choose between its common law causes of action and its CPLA claim." Def.'s Reply [doc. # 16] at 2. In taking this position, the CL&P relies principally on *Zarikos v. Signature Bldg. Sys., Inc.*, No. X08CV044000284S, 2009 WL 1140457, at *3 (Conn. Super. Ct. Mar. 24, 2009). There, the court dismissed purportedly redundant counts, even though the plaintiffs argued "that they should not be put to the dilemma of gambling their entire case on the outcome of the determination of whether or not the modules in question are 'products' for purposes of [the] CPLA." The Court declines to follow *Zarikos* for two reasons. First, the court in *Zarikos* relied in part on the fact—not present here—that the plaintiffs sought to add the duplicative counts four years after the original complaint was filed. *See id.* Second, the *Zarikos* court appears to overread *Gerrity*, as the court's citations to *Gerrity* do not support its conclusion that the

pleading party bears the burden of guessing correctly whether its claims fall within or outside the scope of the CPLA. Although the *Zarikos* court is correct that *Gerrity* demonstrates that courts can, based on the pleadings alone, dismiss counts that, as a matter of law, fall within the scope of the CPLA, *Gerrity* does not endorse the type of pleading roulette for which the CL&P advocates in its motion. *Cf. Travelers*, 2008 WL 2447351, at *6 ("[Section] 52-572n(a) . . . does not mandate that the cause of action pleaded under the CPLA be stricken when a plaintiff pleads a common-law cause of action in the alternative."). To the contrary, the *Gerrity* court repeatedly indicated that claims falling outside the scope of the CPLA are not precluded, *see Gerrity*, 263 Conn. at 127, 128, 129, and ultimately held that the plaintiff's CUTPA claim was not barred by the CPLA's exclusivity provision, *see id.* at 129. The position advocated by CL&P finds inadequate support in Connecticut case law and runs counter to Rule 8(d)(3), which permits parties to plead inconsistent claims.

The proper standard on the pending motion is therefore whether, drawing inferences in favor of the plaintiff, a count falls within the scope of the CPLA *as a matter of law*. As electricity may not be a "product," and as it is possible to construe the first and third counts as pleading that it is not, the Court cannot conclude as a matter of law that Counts One and Three are precluded by § 52-572n(a). CL&P's Motion to Dismiss [doc. # 8] is DENIED. CL&P may renew its motion to dismiss Counts One and Three within ten days of this ruling, if it appends a stipulation indicating that it concedes that electricity is a "product" and the CL&P is a "product seller" within the meaning of the CPLA.

                                          IT IS SO ORDERED.

                                            /s/
                                        Michael P. Shea, U.S.D.J.

Dated:       Hartford, Connecticut
                February 6, 2013